

|  |  |
|---|---|
| RACHAEL A. HONIG<br>*Acting United States Attorney*<br><br>JASON M. RICHARDSON<br>*Assistant United States Attorney* | U.S. Department of Justice<br>*United States Attorney*<br>*District of New Jersey*<br><br>*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*   856/757-5026<br>*401 Market Street, 4th Floor*                          *Fax: 856/968-4917*<br>*Post Office Box 2098*                         *Direct Dial: 856/968-4869*<br>*Camden, New Jersey 08101-2098* |

JMR:2017R00708/Tax
Stranquist/Plea Agreement2

June 17, 2021

Daniella Gordon, Esquire
Armstrong Teasdale
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103

   Re: <u>Plea Agreement with Edward Stranquist</u>
      Criminal No. 21-00706-001 (RMB)

Dear Ms. Gordon:

  This letter sets forth the plea agreement between your client, Edward Stranquist, and the United States Attorney for the District of New Jersey ("this Office").

  **This plea agreement is contingent upon the approval by the Department of Justice, Tax Division.**

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Edward Stranquist to a single count Information which charges him with one count of filing false income tax returns, in violation of 26 U.S.C. § 7206(1). If Edward Stranquist enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Edward Stranquist for filing false income tax returns for tax years 2014 through 2017 and for exceeding his access to his employer's bank account. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Edward Stranquist may be commenced against him, notwithstanding the expiration of the limitations period after Edward Stranquist signs the agreement.

## Sentencing

The violation of 26 U.S.C. § 7206(1) to which Edward Stranquist agrees to plead guilty carries a statutory maximum prison sentence of 3 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Edward Stranquist is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Edward Stranquist ultimately will receive.

Further, in addition to imposing any other penalty on Edward Stranquist, the sentencing judge: (1) will order Edward Stranquist to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Edward Stranquist to pay restitution pursuant to 18 U.S.C. §§ 3563 and 3583; (3) may order Edward Stranquist, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Edward Stranquist to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Edward Stranquist to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Edward Stranquist be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Edward Stranquist may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Edward Stranquist agrees to make full restitution to the Internal Revenue Service in the amount of $41,425 plus interest calculated as of the date of sentencing as the tax loss underlying the Information. The restitution amount shall be paid according to a plan established by the Court. If the Court orders Edward Stranquist to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Edward Stranquist does not have the right to challenge the amount of this

2

assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Edward Stranquist's timely payment of restitution according to the schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 16 U.S.C. § 6331. Further, Edward Stranquist specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the count of conviction.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Edward Stranquist by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Edward Stranquist's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Edward Stranquist agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Edward Stranquist from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Edward Stranquist waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Edward Stranquist. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Edward Stranquist.

Prior to the date of sentencing, Edward Stranquist shall: (1) file IRS Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax) for calendar years 2014 through 2017 or accurate amended personal returns for calendar years 2014 through 2017; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws

of the United States. Further, Edward Stranquist agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Edward Stranquist. With respect to disclosure of the criminal file to the Internal Revenue Service, Edward Stranquist waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Edward Stranquist's tax returns and return information.

No provision of this agreement shall preclude Edward Stranquist from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Edward Stranquist received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Edward Stranquist and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

BY: JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

MOLLY S. LORBER
Assistant U.S. Attorney
Attorney-in-Charge, Camden

I have received this letter from my attorney, Daniella Gordon, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 7/2/21
EDWARD STRANQUIST

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 9/14/2021
DANIELLA GORDON, Esquire

6

Plea Agreement With Edward Stranquist

Schedule A

1. This Office and Edward Stranquist recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Edward Stranquist nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2T1.1. Edward Stranquist's filing false income tax returns for tax years 2014 through 2017 resulted in the approximate criminal tax loss of $41,525. Pursuant to the Tax Table at U.S.S.G. § 2T4.1, U.S.S.G. § 2T4.1(E) applies because the aggregate tax loss is more than $40,000 but less than $100,000. Thus, the base offense level is 14.

4. As of the date of this letter, Edward Stranquist has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Edward Stranquist's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Edward Stranquist is 12 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Edward Stranquist reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2) (at Step III of Sentencing). The United States reserves its right to oppose any such application.

7. Edward Stranquist knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they

may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

    8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.